(November 3, 1915.)

L. N. HUGGINS, Respondent, v. P. R. LINK et al., Appellants, and A. C. DE MARY et al., Appellants, v. A. L. HONSINGER et al., Respondents.

[152 Pac. 1052.]

HIGHWAY DISTRICTS—ORGANIZATION—CONTIGUOUS TERRITORY—QUALIFIED VOTERS — CONFLICTING PETITIONS—NOTICE OF ELECTION—PUBLICATION.

1.  The words "contiguous territory" used in sec. 2, chap. 82, Sess. Laws 1913, refer to lands, whether publicly or privately owned, situated within the outside boundaries of a proposed highway district, and prohibit the organization of a district composed of two or more tracts of country segregated by intervening territory which is excluded therefrom.

2.  Only electors actually residing in a proposed highway district may vote upon the proposal to organize it, and, since no provision has been made for the disposal of conflicting petitions, the proposal contained in the petition, in proper form, first filed must first be submitted to an election.

3.  The publication of the notice of election, pursuant to a petition to organize a highway district, is a duty of the clerk of the board of county commissioners, and his failure to properly discharge that duty cannot defeat the right of the petitioners to have an election held, nor can it affect the priority of that right.

[As to notice or proclamation for special election, see note in 120 Am. St. 795.]

APPEAL from the District Court of the Fourth Judicial District for Minidoka County.  Hon. James R. Bothwell, Judge.

Two suits to enjoin the holding of elections to vote upon proposals to organize highway districts.  Orders were entered sustaining a demurrer to the complaint and a motion to quash the temporary restraining order in one case and overruling such demurrer and motion in the other.  *Affirmed.*

Hyatt & Redford and E. R. Dampier, for Appellants.

If we are to consider the withdrawn government lands as not proper territory to be taken into consideration as a por-

tion of the district, then the remaining territory is not contiguous. (*Duckstad v. Board of County Commrs.*, 69 Minn. 202, 71 N. W. 933.)

Must the rest of the people who might wish to organize such a district along different lines be barred forever? (*People ex rel. v. Caruthers School Dist.*, 102 Cal. 184, 36 Pac. 396.)

Sec. 621, 622, 623 and 624 of the Statutes of 1894 of Minnesota provide for the division of counties by the filing of a petition. A comparison of those sections with the manner of the creation of a highway district in Idaho discloses that the method is very similar. There was nothing in the Minnesota law which provided for the filing of competing petitions, nor against it, nor anything said about the right of the prior petition.

In the case of *State ex rel. v. Board of Commissioners*, 67 Minn. 352, 69 N. W. 1083, the court held that the filing of a petition for the submission of counties including competing territory was legal; and further held that all of the petitions, and there were several for competing territory, must be submitted to the voters, and that the petition of the territory receiving the greatest number of votes would be the one declared authorized. (*State ex rel. Douglas v. Falk*, 89 Minn. 269, 94 N. W. 879; 2 Sutherland on Stat. Const., 2d ed., 1307; *State v. McDonald*, 101 Minn. 349, 112 N. W. 278.)

The statute authorized the incorporation into a district of only those premises in private ownership which are contiguous, and since it is undisputed that a portion of such premises sought to be embraced within the highway district is noncontiguous to the balance by reason of a strip of unentered public domain intervening, this constitutes a fatal jurisdictional defect in the organization of the district. (*Wild v. People ex rel. Stephens*, 227 Ill. 556, 81 N. E. 707; *Sherill v. O'Brien*, 188 N. Y. 185, 117 Am. St. 841, 81 N. E. 124, 131; *Linn County Bank v. Hopkins*, 47 Kan. 580, 27 Am. St. 309, 28 Pac. 606; *State v. Clark*, 75 Neb. 620, 106 N. W. 971; *State v. Mote*, 48 Neb. 683, 67 N. W. 810; *State v. Dimond*, 44 Neb. 154, 62 N. W. 498.)

C. O. Stockslager, for Respondents.

"It is a general rule of law that in construing a statute the court should take into consideration the reason of the law—that is, the object and purpose of the same, and the object and contemplation of the legislative body in enacting the same." (*Shoshone Highway Dist. v. Anderson,* 22 Ida. 109, 125 Pac. 219; *Wood v. Independent School Dist. No. 2,* 21 Ida. 734, 124 Pac. 780.)

This court had already passed on this question of noncontiguous territory in the case of *School District No. 12 of Lincoln County v. School District No. 33,* 25 Ida. 554, 139 Pac. 136.

MORGAN, J.—On April 21, 1915, respondent Huggins and others filed a petition with the clerk of the board of county commissioners of Minidoka county praying that an election be held on May 15th, for the purpose of voting upon the proposal to organize territory situated in Minidoka and Adelaide precincts into a highway district to be known as Minidoka Highway District. On April 22, 1915, appellant De Mary and others filed a petition with the same official praying that an election be held on May 10th for the purpose of voting upon the proposal to organize a highway district to be known as Fremont Highway District, to include all the territory included in the proposed Minidoka Highway District, and, in addition thereto, certain territory within the precincts of Paul, Heyburn, Rupert No. 1, Rupert No. 2 and Acequia. Notices of election were published and officers of election were appointed in both cases.

By reason of conflict in the territory of the two proposed districts the respondent Huggins commenced suit in the district court to enjoin the appellants from holding the election to create Fremont Highway District, and appellant De Mary and those interested with him commenced suit to enjoin those seeking to hold the election to create Minidoka Highway District from so doing. These cases were set down by the trial judge for hearing upon demurrers to the complaints and motions to quash the temporary restraining orders thereto-

fore issued, which demurrers and motions were by consent of the parties and by order of the judge considered filed and the cases were consolidated and heard together.

Upon the facts disclosed by the pleadings and certain documentary evidence introduced the trial judge overruled the demurrer to the complaint and the motion to quash the temporary restraining order in case of *Huggins v. Link et al.,* and made the injunction permanent, and sustained the demurrer to the complaint and the motion to quash the temporary restraining order in case of *De Mary et al. v. Honsinger et al.,* and ordered that an election upon the proposal to organize Minidoka Highway District might be held upon the same being readvertised according to the provisions of the statute. From these orders appeals have been taken to this court and have been argued and submitted together.

Three assignments have been made by appellants specifying as error the action of the trial judge in making and entering the orders above mentioned.

In the complaint in case of *De Mary et al. v. Honsinger et al.,* it is alleged, and by the demurrer it is admitted, that the proposed Minidoka Highway District comprises 138,240 acres of land, of which there is unentered and belonging to the United States 56,360 acres; that there is also therein 49,440 acres of land belonging to the United States which has been withdrawn from entry, and that the remaining 32,440 acres within the proposed district is composed of isolated homestead entries scattered over it and not contiguous as provided by law; also, that the only taxable property included within Minidoka Highway District, as it is proposed to create it, is the property of the Oregon Short Line Railroad Company. Appellants contend that the petition to vote upon the organization of said district is fatally defective, in that the land privately owned, or claimed, therein is not contiguous.

Sec. 2, chap. 82 (p. 338), Sess. Laws, 1913, amending chap. 55 (p. 121), Sess. Laws, 1911, is as follows: ''Whenever fifty or more of the holders of title or evidence of title to lands wholly within the limits of a single county, and aggregating not less than twenty thousand acres of contiguous territory,

or consisting of contiguous territory of a less extent but having an assessed valuation of at least one million dollars at the last preceding county assessment, desire to provide for the organization of the same as a highway district, they may propose the organization of a highway district under this act; provided, that said holders of title or evidence of title shall hold such title or evidence of title to (be) at least one-tenth part of the total area of the land in the proposed district which will be assessable for the purposes of the district, or such organization may be proposed and such petition signed by a number of adult residents within the proposed district equal to at least twenty per cent of the aggregate of all the votes cast for governor at the election precincts within such proposed district at the last general election.

"The equalized county asesssment list last preceding the presentation of the petition for the organization of a highway district shall be sufficient evidence of title or of assessed value for the purpose of this act, but other evidence may be received including receipts or other evidence of the rights of entrymen on lands under the law of the United States or of this State and such entrymen shall be competent signers of such petition and the lands on which they shall have made such entries shall, for the purposes of said petition, be considered as owned by them."

There were more than the required number of signers to the petition in question, since it was signed by more than twenty per cent of the electors of the proposed district, and there is more than the requisite amount of land "owned," as by law provided, by homestead entrymen therein. The question is: Must their lands be contiguous, or does the fact that they are isolated tracts segregated from each other by intervening tracts of public lands and that portions of privately owned lands are cut off from other portions by public lands of the United States which have been withdrawn from entry, render the organization of Minidoka Highway District impossible under the law?

The words "contiguous territory" used in the act under consideration refer to lands, whether publicly or privately

owned, situated within the outside boundaries of a proposed highway district, and prohibit the organization of a district composed of two or more tracts of country segregated by intervening territory which is excluded therefrom.

In this case the public land is included within and made a part of the district, and while it is at present, of course, exempt from taxation, the legislature has avoided saying that all the land composing a highway district shall be taxable property.

We have reached the conclusion that the land included within the proposed Minidoka Highway District, as shown by the record in this case, is such a tract of country as may compose a highway district according to the law under consideration.

It is further urged by appellants that the question of the organization of both of these districts should have been submitted to a vote of the electors residing in the territory affected, at an election to be held for that purpose, and that the one receiving the greatest number of votes should be organized. The legislature has failed to make provision for cases where two or more petitions, conflicting as to territory, are filed asking that elections be held to determine whether or not highway districts shall be organized, and neither the clerk of the board of county commissioners, who is required to publish the notice of election, nor the board itself, which is required to appoint officers of election, has been invested with any discretion in the matter.

No decision exactly in point has been brought to our attention touching any of the questions presented in these cases, but appellants have cited, as tending to sustain their contention last above stated, the cases of *State v. Board of Commrs.*, 67 Minn. 352, 69 N. W. 1083, *State v. Falk*, 89 Minn. 269, 94 N. W. 879, and *State v. McDonald*, 101 Minn. 349, 112 N. W. 278.

It seems the law of Minnesota formerly provided for the submission to the voters of a county the question of whether or not it should be divided and a new county, or counties, be created from its territory, but, like the law here under con-

sideration, made no provision for cases where petitions for election conflicting as to territory were filed. In a divided opinion upon that point the court held that it was proper to submit the question of the creation of counties, presented by such conflicting petitions, at the same election. Two members of the court were of the opinion that the proposal presented by the petition first filed should be submitted and the others rejected. The Minnesota cases differ from ours in this: The division of a county and the creation of a new county, or counties, presented a question upon which all the electors in the county, as then constituted, had a right to vote. In the Minidoka Highway District case only electors actually residing in the proposed district may vote upon the proposal to organize it. Not only have we no law providing for such an election as that contended for, but should we hold that residents of the proposed Fremont Highway District residing outside the limits of the proposed Minidoka Highway District may vote upon the proposal to organize the last-named district, or that their votes should be counted either for or against it, we would violate the plain provisions of the law. It is provided in sec. 4, chap. 55, Sess. Laws 1911: "No person shall be entitled to vote at any election held under the provisions of this act unless he shall possess all the qualifications required of electors under the general laws of the State, and be a resident of the proposed district." In sec. 5 of said chapter it is provided: "There shall be added to the usual elector's oath, in case of challenge, the following words: 'And I am a resident within the boundaries of the proposed highway district.'"

In view of the statutory provisions above quoted, and since no provision has been made for the disposal of conflicting petitions, we have reached the conclusion that it was the legislative intent that the proposal contained in the petition, in proper form, first filed must first be submitted to an election.

It is further alleged in the complaint that the notice of election published in case of Minidoka Highway District was illegal and defective in that it failed to state the place where the election, in the precincts comprising the proposed dis-

trict, would be held, and failed to state the hours of the day of election during which electors would be permitted to vote. Appellants contend that the organization of Fremont Highway District should not be delayed, or defeated, in order that this error may be corrected.

It does not appear from the record before us that the petition to submit the proposal to organize Minidoka Highway District to a vote is in any manner objectionable. The publication of the notice of election was a duty of the clerk of the board of county commissioners, and his failure to properly discharge that duty cannot defeat the right of the petitioners to have an election held, nor can it affect the priority of that right. The order of the trial judge was that the election might be held upon the same being readvertised according to the provisions of the statutes, and we presume this has been, or will be, done.

It is earnestly urged that this law is likely to, and in this case will, result in great injustice; that thereby a few people living in a sparsely settled community which is traversed by a railroad comprising a large proportion of the taxable property of the county may divert to a territory, not particularly in need of it, vast sums of money which should be expended in the construction of highways in more densely populated neighborhoods. This state of affairs is one from which, in the present condition of the law, the courts can grant no relief. It presents a situation which might, with profit, be brought to the attention of the legislature.

We find no error in the record and the orders appealed from are accordingly affirmed. Costs are awarded to respondents.

Sullivan, C. J., and Budge, J., concur.